CITY OF MILFORD *v.* GEORGE SWARBRICK ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 99883
AT NEW HAVEN

Memorandum filed February 14, 1963

*George L. Eastman,* of New Haven, for the plaintiff.

*Mark F. Gross,* of Bridgeport, for defendants Charles, Clarence and Eleanor Steele.

FitzGerald, J. The interposed joint demurrer of the minor defendant, Charles Steele, and his parents, the defendants Clarence Steele and Eleanor Steele, to the fifth and sixth counts of the complaint, which concern them (the preceding counts concern other defendants), raises the basic question whether the one-year statutory limitation of action (§ 52-584) controls or the three-year statutory limitation of action (§ 52-577).

The fifth count of the complaint is directed against Charles Steele. It alleges in substance that on or about September 5, 1961, this defendant "did wilfully, wantonly and maliciously set fire to" a school owned by the plaintiff, causing damage thereto and resulting in an extensive monetary loss to the plaintiff. The sixth count is directed against the defendants Clarence Steele and Eleanor Steele. After incorporating by reference the allegations of the preceding count, it alleges in substance that at the date and time in question these defendants were the parents of the defendant Charles Steele, their minor son, and that their liability to the plaintiff is predicated upon § 52-572 of the General Statutes, as amended by Public Acts 1959, No. 549. This count specifically alleges that liability of the parents of Charles under the statute is based on his "wilful or malicious damage" to the property of the plaintiff.

Granting that § 102 of the Practice Book provides that the Statute of Limitations and other specified defenses should be specially pleaded if relied upon as a defense, the rule is not one of unbending rigor. Exceptions have been permitted and the question determined by demurrer. See *DiPiro* v. *Chapin,* 24 Conn. Sup. 174, 175-176 (1963), and cases cited. It was aptly stated by Justice Baldwin in *Rutt* v. *Roche,* 138 Conn. 605, 607: "If the demurrer is cor-

rectly sustained, the time, the effort, and the expense of a useless trial are saved." From the standpoint of these practical considerations, the interposed demurrer will be examined as to its merits.

There is no question that the dereliction of Charles Steele, the minor defendant, as alleged in the fifth count of the complaint, stands admitted by the demurrer as being on or about September 5, 1961. One of the grounds of the joint demurrer is that service of process was not made upon the demurring defendants until October 30, 1962, being more than one year after the alleged accruing damage of September 5, 1961. The officer's return as on file discloses this to be the fact.

Section 52-584, which is the statute that the demurring defendants rely upon as controlling on limitation, reads, so far as is material to the problem at hand: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within one year from the date when the injury is first sustained . . . ." Section 52-577, which is the statute the plaintiff contends is the applicable and controlling Statute of Limitations, reads: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." In *Antinozzi* v. *D. V. Frione & Co.*, 137 Conn. 577, 579, our Supreme Court said, in regard to these two statutes: "It remains true that § 8316 [now § 52-577] is the Statute of Limitations as to torts in general and that § 8324 [now § 52-584] carves out particular classes of torts where the time for bringing the action is reduced from three years to one year."

The gravamen of the fifth count of the complaint is that the minor defendant, Charles Steele, "did

wilfully, wantonly and maliciously set fire to" a school owned by the plaintiff. Neither the word "negligence" nor the expression "reckless misconduct" is employed in the allegation. To be sure, the expression "wanton misconduct" may be said to be invoked by the use of the adverb "wantonly" in the particular allegation. However, compare the full allegation as quoted in the fifth count with the quoted provisions of § 52-584. The adverbs "wilfully" and "maliciously," contained in the allegation in question, do not appear in the statute (§ 52-584) which is the one-year limitation statute, claimed by the demurring defendants as the controlling statute.

It is the considered opinion of the court that the alleged cause of action stated against the defendant Charles Steele in the fifth count of the complaint, read as a whole, is controlled in limitation by the three-year statute (§ 52-577) and not the one-year statute (§ 52-584). And this is so notwithstanding the use of one adverb ("wantonly") contained in the crucial allegation. Other adverbs therein contained ("wilfully," "maliciously") cannot be disregarded in their text. " 'A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure, either actually entertained or to be implied from the conduct and circumstances.' " *Rogers* v. *Doody,* 119 Conn. 532, 534, quoting from *Sharkey* v. *Skilton,* 83 Conn. 503, 507.

Since it is the opinion of the court that the alleged cause of action directed against the defendant Charles Steele in the fifth count of the complaint is controlled by the three-year statutory limitation (§ 52-577), and not the one-year statutory limitation (§ 52-584) as claimed by the demurring defendants, that part of the interposed demurrer directed by Charles Steele against the fifth count of the

complaint which relates to his alleged liability is required to be overruled. Under the statute (§ 52-572) upon which the liability of the defendants Clarence Steele and Eleanor Steele is sought to be imposed by the allegations in the sixth count of the complaint, as parents of the minor defendant Charles, the demurrer of these defendants directed to the sixth count of the complaint is likewise overruled. Parents should stand in the same position as their minor children in respect to the controlling Statute of Limitations. Their liability under the statute relating to parental liability for the torts of minor children is dependent upon the liability of their minors. *Lutteman* v. *Martin,* 20 Conn. Sup. 371, 376.

The interposed joint demurrer of the defendants Charles Steele, Clarence Steele and Eleanor Steele, directed to the fifth and sixth counts of the plaintiff's complaint, is required to be, and is, overruled in toto.

A gratuitous observation is made. Some of the eight defendants, including Charles Steele, are minors. The plaintiff in due course should file a motion for the appointment of guardians ad litem for such minors. No final judgment of a valid nature could be obtained until this procedure is followed and acted upon by the court.