GARY GRETKOWSKI ET AL. *v.* ALBINO COPPOLA ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 98603

Memorandum filed March 21, 1966

*David S. Grossman,* of Brookfield, for the plaintiffs.

*Robert J. Gillooly,* of New Haven, for the defendants.

FITZGERALD, J. The within action is one in which the minor plaintiff is seeking to recover damages for personal injuries alleged to have been suffered by him on July 9, 1960, when attacked by a dog owned and kept by the defendants, and the father of the minor plaintiff is seeking to recover medical expenditures incurred by him for the treatment of those injuries. The complaint in two counts is dated May 1, 1962, and was returnable to court on the first Tuesday of June, 1962. As appears from the officer's return on file, service of process was made on May 8, 1962.

By way of answer the defendants admitted certain allegations in the complaint such as ownership of the dog, and denied others. So also the defend-

ants pleaded as a special defense that the "action was not brought within one year from the date when the injury was first sustained or discovered or in the exercise of reasonable care should have been discovered." To this special defense, which patently invokes the one-year Statute of Limitations for the bringing of negligence actions (General Statutes § 52-584), the plaintiffs in reply admitted that the "action was not brought within one year from the date when the injury was first sustained or discovered," but added a denial of reliance on the one-year limitation of action statute.

The status of the pleadings remained as above related when the case was reached for trial in early February, 1966. At that time, counsel advised the court that the question of the Statute of Limitations would come before the court on motion or on some other procedure at a short calendar session in the near future. Thereafter, on February 9, 1966, the defendants filed a motion for the entering of a summary judgment in their favor upon an affidavit submitted by their counsel as on file. The basis of the affidavit is that the complaint in two counts states a cause of action in common-law negligence which is controlled by the one-year Statute of Limitations (§ 52-584); that the action was not brought under the so-called "Dog Injury Statute" (§ 22-357); and that therefore the "action is fatally defective since it was commenced after the statute of limitations had run." On February 18, 1966, the plaintiffs moved to amend their complaint by inserting therein an additional paragraph alleging that at the time that the minor plaintiff was attacked by the defendants' dog, he "was not committing a trespass or other tort, nor was he teasing, tormenting, or abusing such dog." Both motions were heard together at the short calendar session held on March 4 last.

A person injured by a dog has for election one of two causes of action to pursue. One such action is in negligence at common law, and the other is under the statute which is presently § 22-357. See *Verrilli* v. *Damilowski,* 140 Conn. 358, 360, 361-62. As originally drawn, the complaint purports to be in negligence. The cause of action stated therein is controlled by the one-year Statute of Limitations (§ 52-584). The proposed amendment is designed to have the stated cause of action brought within the purview of § 22-357, which is the statutory cause of action for injuries and damage done by a dog under prescribed circumstances. It has been held that the Statute of Limitations as to this statute is the three-year Statute of Limitations (§ 52-577) for an action founded upon a tort. *Lussen* v. *Nash,* 14 Conn. Sup. 428.

It is true that leave to file the proposed amendment is asked more than five years after the alleged episode of July 9, 1960, and more than three years after the case has been pending in court. So also it is true that the plaintiffs were put on notice when the defendants filed their answer and special defense on August 20, 1962, that the defendants were relying on the one-year Statute of Limitations in defense of the common-law cause of action stated in the complaint as originally drawn. Be these aspects as they may, the court is reluctant to deny the plaintiffs' motion to amend. See *Cook* v. *Lawlor,* 139 Conn. 68, 72. The defendants will still be in a position to consider the propriety of filing a demurrer to the complaint as amended under the ruling of *DiPiro* v. *Chapin,* 24 Conn. Sup. 174, 176; see also, *Milford* v. *Swarbrick,* 24 Conn. Sup. 320, 321. That would give rise to a consideration of whether the amended cause of action comes within or without the limits of the discussion in *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330. The court is not

required at this time to consider this aspect or to predict the outcome if this procedure should be followed.

Dispositions for present purposes:

1.  Defendants' motion for summary judgment is denied without prejudice to the adopting by them of any other subsequent mode of attack.

2.  Plaintiffs' motion to amend their complaint is granted.