CHARLENE CLARK *v.* CLEMENT M. GREEN,
SUPERINTENDENT OF SCHOOLS OF THE
CITY OF MIDDLETOWN, ET AL.

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 21058

KATHLEEN AUGERI *v.* CLEMENT M. GREEN,
SUPERINTENDENT OF SCHOOLS OF THE
CITY OF MIDDLETOWN, ET AL.

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 21059

Memorandum filed October 20, 1971

*Allan S. Church,* of Middletown, for the plaintiffs.

*A. Robert Gordon,* of Middletown, for the defendants.

SHEA, J.   At the hearing on the order to show cause in both of these cases, the parties stipulated that the court might make a final determination of the issues, the defendants indicating that their answer would be a general denial in each case.

Although the matter has not been raised by any special plea or motion, the procedure of using a

Richard Damiata as a next friend, for the purpose of instituting these suits in behalf of the two minor plaintiffs, requires some comment. According to the testimony, Damiata is a twenty-three-year-old friend of the two girls and had occupied for some time the apartment in which the two girls and a Robert Langston reside. Damiata had moved out of the apartment to live with his parents about a week before the trial. He is a probationer from the Circuit Court, having been convicted of a drug offense earlier this year. There was testimony that the residents of the apartment, including the two minor plaintiffs, shared living expenses.

An infant may institute a suit either by guardian or next friend, the powers and responsibilities of a person acting in either capacity being the same. *Williams* v. *Cleaveland,* 76 Conn. 426, 431. No formal appointment of a next friend is necessary. *Judson* v. *Blanchard,* 3 Conn. 579, 584. The next friend, however, remains subject to the control of the court in which the action is prosecuted to the same extent as a guardian. "[I]f the *prochein ami* is not a responsible and proper person, or misconducts the suit, or institutes one not apparently for the benefit of the infant, [the court] will displace him, and, if need be, appoint another." *Apthorp* v. *Backus,* Kirby 407, 410.

It is apparent that Damiata, in addition to whatever personal interest he may have in preserving the present living situation of the two minor plaintiffs, had also a financial interest to the extent of sharing the apartment expenses, at least while he lived there. If these circumstances had been brought to light before the trial, the court would have ordered the removal of Damiata as next friend and the substitution of some responsible person. Since the case has been fully tried on the merits and the determination of the issues is not affected by the un-

suitability of the acting next friend, the court will forgo the appointment of another person to act in that capacity. No purpose will be served by delaying the determination of the case until such time as a substitution might be effectuated, since the outcome would be the same under the evidence presented. The court does not, however, wish to be regarded as condoning the poor judgment used by counsel for the plaintiffs in permitting the suits to be brought in behalf of the minors by someone so patently unsuitable.

The plaintiffs rely in their claim for admission to the Middletown public schools upon General Statutes § 10-253, the pertinent portions of which read as follows: "(c) Children residing with relatives or nonrelatives, when it is the intention of such relatives or nonrelatives and of the children or their parents or guardians that such residence is to be permanent and provided without pay, shall be entitled to all free school privileges accorded to resident school children of the district or town in which they reside. (d) Each such child shall be enumerated in the town in which he is actually residing on the date of the enumeration."

The evidence established that at the time of the trial the two minor plaintiffs resided in an apartment with Robert Langston, a twenty-one-year-old man whom they met in June of this year. Living expenses, including the apartment rental, are shared among the three present occupants.

Although there was testimony that the two minor plaintiffs intended to live in Middletown indefinitely, there was no testimony about Langston's intentions in this respect or any other. Under the language of the statute it is essential that the nonrelative with whom the children may be residing intend "that such residence is to be permanent and provided

without pay." General Statutes § 10-253 (c). Not only is the record silent upon Langston's intentions in respect to the duration of his present relationship with the two plaintiffs but it contradicts any claim that he or the girls intend that "such residence is to be . . . provided without pay." Ibid. The evidence is clear that the two minors pay for their residence. This requirement of the statute, therefore, has not been met.

The cases relied upon by the plaintiffs establish that residence, not domicil, is the criterion under this statute, but they did not involve children living under the arrangement of these plaintiffs. *New Haven* v. *Torrington,* 132 Conn. 194; *Yale* v. *West Middle School District,* 59 Conn. 489.

Judgment may enter for the defendants in each case.