[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR LEAVE TO AMEND COMPLAINT NO. 124
On January 31, 1994, the plaintiffs filed a fourteen count complaint alleging legal malpractice. They subsequently sought leave to amend their complaint on December 21, 1995, after the three-year statute of limitations established by General Statutes § 52-577 had run. The defendants have objected to the plaintiffs' motion on two grounds. First, they argue that the plaintiffs' amended complaint "attempts to substitute for a CT Page 4127 proper Objection to Defendant's August 11, 1995 Motion for Summary Judgment." (Filed on August 14, 1995, No. 120.)[1]
Second, they argue that it contains new allegations that do not relate back to the original complaint. The defendants have submitted a memorandum of law in support of their position and specifically quote the following passages as objectionable:
FIRST COUNT
 10. [sic] At no time did Attorney Miller advise the Plaintiff that the negligence case against (Nutmeg) had been dismissed, that he was not bringing a breech [sic] of contract action against the Blasis, nor did he explain the significance of the dismissal of the Blasi's [sic] negligence case and (Nutmeg's) negligence case.
 11. [sic] From 1989 to 1992 Attorney Miller continuously hid from the plaintiff's [sic] his various acts of malpractice and incompetence and continued to misrepresent the legal effect of his negligence and incompetence right up until the time he advised the Plaintiffs that he be received [sic] of the case.
 12. [sic] The Plaintiff learned of Attorney Miller's continuous acts of incompetence and malpractice during 1992 when they retained new counsel.
SECOND COUNT
 15. . . . [T]he Defendants failed to fully disclose . . . (their negligent acts).
 16. The Defendants conduct in their representation of Plaintiffs and their failure to disclose their various acts of negligence constitutes continuous tortious conduct . . . .
Defendants' objection to plaintiffs' motion to amend complaint dated December 21, 1995, pp. 3-4 (filed Jan. 19, 1996) (hereinafter "Defendants' Objection"). The plaintiffs have not submitted a memorandum of law.
A "plaintiff may amend his complaint as of right during the first thirty days after the return day. General Statutes §52-128; Practice Book § 175. He may further amend the complaint at any time before the case is submitted to the jury by CT Page 4128 order of the court" under the same General Statutes section and Practice Book § 176. LaMalfa v. Higgins, 38 Conn. Sup. 509,512 n. 5, 452 A.2d 320 (1982). Should an opposing party wish to object, the objection must state the specific paragraphs to which the objection is directed and must be filed within fifteen days unless an extension is granted. Practice Book § 176.
The defendants' first argument is that the plaintiffs "should not simply be allowed to amend their complaint to make mere allegations in the face of Defendant's summary judgment motion and supporting evidence." The plaintiffs are in fact allowed to submit an amended complaint in response to a motion for summary judgment. See, e.g., Gretkowski v. Coppola, 26 Conn. Sup. 294,222 A.2d 41 (1966) (granting plaintiffs' motion to amend made in response to defendants' motion for summary judgment).
The defendants' second argument is that the amended complaint alleges a new cause of action that does not relate back to the original complaint and, as a result, will be barred by the statute of limitations. The defendants' specifically object on the ground that the plaintiffs allege "mere negligence" in the original complaint "whereas the amended complaint alleges Defendants knowingly and actively concealed, hid, and misrepresented any alleged negligence or alleged incompetence." (Defendants' Objection, pp. 5-6.)
In this matter, the relevant statute of limitations is three years. General Statutes § 52-577. Therefore, because the amended complaint would fall beyond the limitations period, it may only be allowed if it relates back to the original complaint.Gurliacci v. Mayer, 218 Conn. 531, 546, 590 A.2d 914 (1991).
A party will not be allowed to amend a complaint by adding a new cause of action. Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239, 429 A.2d 486 (1980). Such amendments will not relate back to the date of the complaint. Id. Connecticut's relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure . . . ." Id. The federal rule, and Connecticut law, provide that an amendment relates back when the assertion "in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . ." Gurliacci v. Mayer, supra,218 Conn. 547. An amendment that relates back will be within the statute of limitations because the original complaint constitutes sufficient notice "that a claim is being asserted stemming from a CT Page 4129 particular transaction or occurrence . . . ." Id., citing C. Wright, Law of Federal Courts 276 (2d Ed. 1970); Sharp v.Mitchell, 209 Conn. 59, 72, 546 A.2d 846 (1988).
"`[W]here an entirely new and different factual situation is presented, a new and different cause of action is stated . . . .'" Gurliacci v. Mayer, 218 Conn. 547, quoting Sharpv. Mitchell, supra, 209 Conn. 71-72. A "cause of action" has been defined as a "single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Internal quotation marks omitted.) Id., 546-47. Where the original and amended complaints "involve two different sets of circumstances and depend on different facts to prove or disprove the allegations . . .[,]" the original complaint will not constitute sufficient notice to the defendants of the new allegations. Sharp v. Mitchell, supra,209 Conn. 73. As observed by Wright, Miller Kane, Federal Practice and Procedure:
 [T]he federal rules represent a shift away from the rigidified notions of "form" and "causes of action" to more functional concepts phrased in terms of the underlying conduct, transaction, or occurrence that provides the background of the dispute. The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading.
(Footnotes omitted.) 6A Charles A. Wright et al., Federal Practice and Procedure § 1497, 94-95 (1990); see also Gigliov. Connecticut Light Power Co., supra, 180 Conn. 239
(recognizing similarities of application and intent between Connecticut and federal rules); Strano v. Maxwell, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 910505137 (May 10, 1994, Corradino, J.) ("[t]echnical rules defining causes of action and common law theories of relief don't control"). Connecticut law, like the federal rules, emphasizes notice and fairness to the defendant. See Rosick v.Equipment Maintenance Service Inc., 33 Conn. App. 25, 33,632 A.2d 1134 (1993) (requiring consideration of "fairness to the opposing parties"); Sharp v. Mitchell, supra, 209 Conn. 73
(requiring that defendants receive "fair notice" of claims). CT Page 4130
In the present case, the defendants have objected to several portions of the plaintiffs' amended complaint, alleging new negligent and intentional conduct. The court finds, however, that all of the amendments arise from the same transaction or group of facts as did the original complaint and, therefore, relate back to the original filing date before the statute of limitations ran. The amendments raise no significantly new facts or conduct as would surprise or prejudice the defendants. All of the assertions in the amended complaint, including the allegations that the defendants "continuously hid" and "failed to inform" the plaintiffs of certain circumstances, arise from the same occurrences as originally pleaded by plaintiffs. Thus, the original complaint constituted fair notice to the defendants that such claims could arise. The additional facts in the amended complaint are permissible amplifications of the events recounted in the original complaint and do not refer to a different transaction or occurrence. For these reasons, the plaintiffs' motion for leave to amend is granted.
Stodolink, J.