[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 14, 1996
Peter Adams and Christa Adams, husband and wife, instituted this action against the defendants, Barbara Origlio (Origlio) and George Vignogna (Vignogna), for injuries suffered by Peter Adams as the result of an attack by the defendants' German Shepard. The complaint alleges that the dog left the defendants' property, located in North Salem, New York, and entered property owned by Peter Adams' father, located in Ridgefield, Connecticut, and. without provocation, attacked Adams. The parties' properties are located approximately on the border between New York and Connecticut.
The first and third counts of the plaintiffs' six-count complaint allege a cause of action for strict liability pursuant to General Statutes § 22-357, on behalf of Peter Adams against Vignogna and Origlio, respectively. The second and fourth counts allege a cause of action for negligence against Vignogna and Origlio, respectively, and the fifth and sixth counts allege a cause of action on behalf of Christa Adams for loss of consortium against Vignogna and Origlio, respectively.
The defendants have timely filed a motion to dismiss for lack of personal jurisdiction, arguing that General Statutes § 52-59b, Connecticut's longarm statute, does not apply in this case because they did not commit any tortious act in Connecticut, and that, in any event, service of process upon them was insufficient. The plaintiffs have filed a memorandum in opposition to the motion to dismiss, essentially arguing that the dog was the defendants' agent when it committed the tortious attack on Adams, and, therefore, the longarm statute is applicable to the defendants.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687. Since the defendants' motion to dismiss was filed within thirty days of their appearance in this action, it was timely filed. See Sec. 142 of the Practice Book.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two-part inquiry is required. The trial CT Page 4911 court must first decide whether the applicable state longarm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Citations omitted; alterations in original; internal quotations marks omitted.) Knipple v. VikingCommunications Ltd., 236 Conn. 602, 606. Moreover, when jurisdiction is based on the longarm statute, the burden of proof is on the plaintiff to present evidence establishing jurisdiction. Standard Tallow Corporation v. Jowdy, 190 Conn. 48,54.
General Statutes § 52-59b(a), Connecticut's longarm statute, provides, in part: "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent . . . (2) commits a tortious act within the state . . ."
Although the defendants argue that they committed no tortious "act" such that they are subject to Connecticut's longarm statute, their argument must fail because the acts of the defendants' dog in Connecticut are attributable to them as a matter of Connecticut common and statutory law. See. e.g., General Statutes § 22-357 (imposing strict liability on owners for injuries caused by dog); Gretkowski v. Coppola,26 Conn. Sup. 294, 296, 222 A.2d 41 (Super.Ct. 1966) (recognizing common law cause of action for negligence against dog owners for their dog's acts); Travers v. Bass, Superior Court, judicial district of Danbury at Danbury, Docket No. 314358 (December 17, 1993) (Stodolink, J.) (same). Therefore, the attack by the defendants' dog on Adams constitutes a tortious act within the state within the meaning of General Statutes § 52-59b(a)(2).
Having determined that the defendants are amenable to jurisdiction pursuant to the longarm statute, it must be determined whether the defendants have sufficient minimum contacts with the State of Connecticut such that subjecting them to jurisdiction here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v.Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The defendant's `conduct and connection with the forum State [must be] such that [it] should reasonably anticipate being haled CT Page 4912 into court there.' World-Wide Volkswagen Corporation v. Woodson,444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Thus, `[t]he twin touchstones of due process analysis under the minimal contacts doctrine are foreseeability and fairness.' United StatesTrust Co. v. Bohart, 197 Conn. 34, 41 . . ." (Alterations in original.) Hill v. W.R. Grace Co., 42 Conn. Sup. 25, 33.
The defendants have such minimum contacts. since "[a] single act having impact in and connection with the forum state can satisfy the minimum contacts test . . ." McGee v. InternationalLife Insurance, 355 U.S. 220, 224, 78 S.Ct. 199, 2 L.Ed.2d 199
(1957). Although the defendants argue that "Connecticut courts do not have jurisdiction over New Yorkers simply because a dog wanders across a state line," it is both foreseeable and fair to expect that an out-of-state resident who allows his dog to wander into another state where it commits a tortious act (an allegation in the complaint which is taken as true for the purpose of this motion) will be subject to the jurisdiction of the state in which the tortious act is committed.
"[T]he determination of the reasonableness of the exercise of jurisdiction [over a non-resident defendant] in each case will depend on an evaluation of several factors. A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination `the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'" Asahi MetalIndustry Co., Ltd. v. Superior Court of California, 480 U.S. 102,113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), quoting World-WideVolkswagen Corporation v. Woodson, 444 U.S. 286, 292,100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Utilizing the foregoing factors, Connecticut may assert jurisdiction over the defendants consistent with due process principles. Connecticut and New York are contiguous states; thus, the burden on the defendants to litigate this action in Connecticut is not significant. The plaintiffs, on the other hand, have an important interest in litigating this matter in their home state, whose laws provide them with common law and statutory remedies for their injuries. Additionally, Connecticut has an interest in protecting its citizens from tortious acts of nonresidents, an interest which is demonstrated by the legislature's enactment of General Statutes § 22-357, the CT Page 4913 so-called "dog bite statute." Finally, the interstate judicial system's interest in efficiently resolving this matter favors Connecticut as a forum state. The court finds, therefore, that there exists sufficient minimum contacts between the defendants and the State of Connecticut such that exercising jurisdiction over them would be consistent with due process principles.
Although the defendants asserted that service of process upon them was insufficient, they did not brief this issue and did not raise the issue during oral argument at the short calendar. Accordingly, they have waived that issue. Esaw v. Friedman,217 Conn. 553, 554 n. 1; Cohen v. Security Title Guaranty Co.,212 Conn. 436, 437 n. 1. In sum, this court finds that it has personal jurisdiction over the defendants and their motion to dismiss is, accordingly, denied.
MORAGHAN, J.