## CAROL LAROSA ET AL. *v.* JOHN LUPOLI
### (15829)

O'Connell, Foti, Lavery, Landau, Heiman, Schaller and Spear, Js.

Argued October 28, 1996—officially released February 11, 1997

*Joseph De Lucia*, with whom was *James Butler*, for the appellants (plaintiffs).

*Todd R. Bainer*, for the appellee (defendant).

SCHALLER, J. The plaintiffs, Carol LaRosa and Thomas LaRosa, appeal from the judgment of the trial court dismissing their complaint against the minor defendant, John Lupoli.[1] The plaintiffs claim that the trial court improperly determined that the Superior Court lacked jurisdiction over the minor defendant because the complaint was brought only against him and process was served on him individually rather than on his parent or next friend. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. On May 6, 1995, the plaintiff Carol LaRosa was a spectator at a Little League baseball game in Wallingford. Prior to the game, the defendant, then eight years old, was warming up to pitch. One of his warm-up pitches struck Carol LaRosa in the face. As a result of the incident, Carol LaRosa and Thomas LaRosa brought an action against Lupoli claiming damages for negligence and loss of consortium, respectively. The complaint named Lupoli individually as the sole defendant and he was served by means of abode service. The complaint did not name a parent or next friend for the minor defend-

---

[1] After the defendant's motion to dismiss was granted, the plaintiffs filed a motion to reargue, which the trial court denied.

ant, nor was the process served on anyone other than Lupoli. Counsel filed a timely appearance on behalf of Lupoli. Lupoli filed a motion to dismiss asserting that the failure to bring the minor "before the court through his parent or next friend" and the failure "to make service upon the defendant minor through his parent or next friend" renders the action fatally defective. The defendant did not claim a lack of adequate notice or that he suffered any prejudice as a result of the abode service. The trial court granted the motion to dismiss and rendered judgment in favor of the defendant.

On appeal, the plaintiffs claim that the trial court improperly granted the motion to dismiss because the trial court acquired jurisdiction over the minor defendant despite the fact that the action was not brought against the minor by service on a parent or next friend. The plaintiffs argue that we decided the precise issue presented in this appeal in *Tax Collector* v. *Miley*, 34 Conn. App. 634, 641, 642 A.2d 747 (1994). The defendant does not dispute that *Miley* is dispositive but asserts that *Miley* should be overruled as being inconsistent with the public policy of our state, which dictates that the welfare of minors should be protected in court matters. The defendant argues that, for example, a minor should not be the object of direct service of process by a sheriff but that such service should be effected by service on a parent or next friend. The defendant argues that the same reasons that require a minor to bring an action through a parent or next friend should require that an action be brought against a minor only through a parent or next friend.[2]

Our decision in *Miley*, which is controlling, is consistent with the statutory law of our state governing service

---

[2] We note that General Statutes § 45a-132 provides for the appointment of a guardian ad litem for a minor in any proceeding before the Superior Court.

of process as provided by General Statutes 52-57.[3] We regard that statute as embodying the public policy of our state pertaining to service on minors. In *Miley*, we held as follows: "In a civil action, General Statutes, § 52-57 requires service on an individual 'by leaving a true and attested copy of it, including the declaration or complaint, *with the defendant*, or at his usual place of abode, in this state.' (Emphasis added.) There is no requirement, whatsoever, that service be on the parent or guardian of a defendant who is a minor. The service is made in the usual way as though the defendant were of majority. E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 26 (j). Thus, there is no requirement for service on a parent or guardian in Connecticut when the defendant is a minor. Further, the defendants do not claim that they did not receive adequate notice of the action. They did not indicate any defense that they were deprived of asserting or claim any prejudice from the type of service effected. Therefore, the service on the defendants was proper and the defendants were not deprived of due process of law." *Tax Collector* v. *Miley*, supra, 34 Conn. App. 641.

The judgment is reversed and the case is remanded to the trial court with direction to deny the defendant's motion to dismiss and for further proceedings.

In this opinion FOTI, LAVERY, LANDAU, HEIMAN and SPEAR, Js., concurred.

O'CONNELL, J., concurring. I concur with the opinion of the majority but write separately because I feel that greater emphasis on the protection that a minor

---

[3] Apart from the requirements of General Statutes § 52-57, which Miley precisely carries out, we note that innumerable practical difficulties would result from a requirement that a plaintiff must determine what adult should be served in a given situation in order to effectuate service on a minor.

receives from a guardian ad litem[1] is warranted. The defendant's brief and oral argument paint a pitiful picture of a lonely youngster cast adrift on the stormy seas of litigation. This picture is woefully inaccurate.

A time tested procedure is in place to protect the minor. Under the common law, a suit against a minor was required to be defended by a guardian ad litem appointed for that purpose. 1 Z. Swift, A Digest of the Laws of the State of Connecticut (1822) p. 60. Connecticut has long had a statute that authorizes the Superior Court in its discretion to appoint a guardian ad litem for any minor involved in a proceeding before that court. General Statutes § 45a-132 (a).[2]

The defendant complains that the writ here should have been served on one of the minor's parents as his next friend, i.e., prochein ami.[3] This confuses the distinction between a next friend and a guardian ad litem.

Stated very simply, the only practical difference between a next friend and a guardian ad litem is that a next friend is a person who represents a minor who *commences* a lawsuit; *Tulin* v. *Tulin*, 124 Conn. 518, 522, 200 A. 819 (1938); and a guardian ad litem is a person, appointed by the court, to represent a minor who has been sued. D. Wright, J. Fitzgerald & W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 75. No case has come to my attention in which a suit against

---

[1] Ballentine's Law Dictionary (3d Ed. 1969) defines a guardian ad litem as a "person appointed by the court during the course of litigation, in which an infant or a person mentally incompetent is a party, to represent and protect the interests of the infant or incompetent." The term infant is used in its technical legal sense as meaning any person who has not reached the age of majority.

[2] General Statutes § 45a-132 (a) provides in relevant part: "In any proceeding before . . . the Superior Court including the Family Support Magistrate Division, the judge or magistrate may appoint a guardian ad litem for any minor . . . ."

[3] Prochein ami is a French expression commonly used in the law meaning next friend.

a minor was commenced by service on an adult as the next friend of the minor. The reason for this is readily apparent. Before a minor commences suit, a conscious decision is made concerning the adult (next friend) through whom suit will be instituted. On the other hand, a person who wants to sue a minor does not necessarily have adequate information of the minor's circumstances to know who his next friend might be. We cannot assume that in all cases it will be a parent.[4] Under our statute, the court will examine the facts and appoint a proper person to represent the minor's interests.[5]

The next friend and the guardian ad litem possess similar powers and responsibilities. Both are subject to control by the court and may be removed if the best interest of the minor so requires. General Statutes § 45a-132 (f);[6] *Apthorp* v. *Backus*, 1 Kirby (Conn.) 407, 409–10 (1788); *Clark* v. *Green*, 29 Conn. Sup. 436, 290 A.2d 836 (1971); see J. Joy, Connecticut Civil Officer (19th Ed. 1948) p. 65.

The minor's interests will be adequately protected. There is no danger that a young child will be left to fend for himself in the complicated land of litigation.

[4] General Statutes § 45a-132 (d) provides: "Any appointment of a guardian ad litem may be made with or without notice and, if it appears to the judge or magistrate that it is for the best interests of a minor having a parent or guardian to have as guardian ad litem some person other than the parent or guardian, the judge or magistrate may appoint a disinterested person to be the guardian ad litem."

[5] The plaintiff should be particularly diligent in assuring the appointment of a proper guardian because there is some authority to the effect that a valid decision cannot be rendered until a guardian ad litem has been appointed. See dicta in *Milford* v. *Swarbrick*, 24 Conn. Sup. 320, 324, 190 A.2d 493 (1963); 1 Z. Swift, supra, p. 60.

[6] General Statutes § 45a-132 (f) provides: "The guardian ad litem may be removed by the judge or magistrate which appointed him, without notice, whenever it appears to the judge or magistrate to be in the best interests of the ward or wards of the guardian."