[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (#109)
I. Factual and Procedural History
On April 12, 1997, the plaintiff in this action, Norma J. Cooley, attempted to commence suit against the defendants, Noah B. Hallaway and Robert S. Hallaway, by service of writ, summons, and complaint. In his return dated April, 12, 1997, the sheriff attested that he attempted abode service on the defendants at 567 Goose Lane in Guilford, Connecticut. The defendants each submitted affidavits in which each averred to the fact that neither defendant lived at 567 Goose Lane in Guilford, Connecticut on April, 12, 1992. The action had a return date of May 20, 1997[1]. On June 6, 1997, the plaintiff moved this court for default to issue against both defendants for failure to appear. The clerk granted the motion on the same day.
The defendants' attorney filed an appearance on June 17, 1997. Thereafter, on July 8, 1997, the plaintiff filed a second motion for default pursuant to the provisions of Practice Book § 114 for failure to plead. The clerk granted the motion on July 9, 1997. On July 11, 1997, the defendants filed an objection to the July 8, 1997, motion for default.
Pursuant to Practice Book § 376, the defendants filed a motion to reopen the default judgement on July 14, 1997. On the same day, the defendants filed a motion to dismiss pursuant to Practice Book §§ 49 and 142 and General Statutes § 52-57. The court (Handy, J.) allowed the motion to reopen on July 28, 1997. The plaintiff filed a memorandum in opposition to the defendants' motion to dismiss on the grounds that the motion was improperly before the court as the motion to reopen the default judgment had not been granted prior to the filing of the motion to dismiss. CT Page 13713
On September 9, 1997, this court heard oral argument on the defendants' motion and the plaintiff's objection to the timeliness of the motion.
II. Motion to Dismiss, Legal Standard
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss include] insufficiency of service of process."Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143.
III. Timeliness of Motion
A defendant may contest the personal jurisdiction of the court "even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of filing an appearance." Practice Book § 142; Brunswick v. InlandWetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260 (1992) (same); Bridgeport v, Debek, 210 Conn. 175, 179 n. 4,554 A.2d 728 (1989) (same). Practice Book § 144 provides in relevant part: "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142." Practice Book § 144.
In the plaintiff's memorandum in support of her objection, she contends that the defendants waived their right to challenge personal jurisdiction because they failed to file a timely motion to dismiss pursuant to the requirements of Practice Book §§ 142 and 144. The plaintiff argues that because the defendants were in default, the defendants' filing of the motion to dismiss was a nullity. The plaintiff further contends that the effect of the default is a preclusion from making any defense to the action. As two defaults entered in this case prior to the motion to dismiss, the court will address them each in turn[2].
On June 6, 1997, the plaintiff filed a motion for default for failure to appear pursuant to Practice Book § 352[3]. The CT Page 13714 clerk granted the motion on that same day. On June 17, 1997, the defendants filed an appearance. Pursuant to Practice Book § 352, when a "defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by the clerk." Practice Book § 352 (c). The June 6, 1997 default, therefore, was automatically set aside on June 17, 1997, when the defendants filed an appearance.
On July 1, 1997, the plaintiff filed a second motion for default on the ground of failure to plead[4]. The plaintiff based her motion on Practice Book § 114 which requires "pleadings, including motion and [requests] addressed to the pleadings . . . [to] . . . advance within thirty days from the return day. . . ." Practice Book § 114. The defendant's motion to dismiss, however, is grounded in a challenge to the court's exercise of personal jurisdiction. Such a challenge is expressly governed by Practice Book §§ 142 and 144 and not by Practice Book § 114. The defendants filed the motion to dismiss "within thirty days of the filing of anappearance"; (Emphasis added.) Practice Book § 142; as required by the express language of Practice Book § 144. The defendants filed the motion to dismiss on July 14, 1997 which was within thirty days of their June 17, 1997 appearance. The defendant's motion, therefore, was timely.
III. Motion to Dismiss for Lack of Jurisdiction
The motion to dismiss is the proper vehicle `by which to contest lack of jurisdiction due to insufficiency of process. Practice Book § 143. "Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.) Knipple v. VikingCommunications, 236 Conn. 602, 205, 674 A.2d 426 (1996).
"One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the actions before it." LaRosa v. Lupoli, 44 Conn. App. 225, 228,688 A.2d 356 (1997). Effective abode service pursuant to General Statutes § 52-57 requires service on a individual "by leaving a true and attested copy of it, including the declaration or complaint . . . at his usual abode, in this state." General Statutes § 52-57. "When jurisdiction is based on the personal or abode service; the matters stated in the return, if true, CT Page 13715 confer jurisdiction." Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53, 459 A.2d 503 (1983). The purpose of abode service "is to ensure actual notice to the defendant that the action is pending." Smith v. Smith, 150 Conn. 15, 20,183 A.2d 848 (1962). Essential to the court's exercise of personal jurisdiction over the defendants, therefore, is a determination that service was made on each defendant at their usual place of abode.
Whether a particular place is the usual place of abode of a defendant is a question of fact. "The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. . . ." (Citation omitted). Collins v. Scholz, 43 Conn. Sup. 501, 503,373 A.2d 200 (App. Sess. 1976). Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced otherwise. Jenkinsv. Bishop Apartments, 144 Conn. 389, 390, 132 A.2d 573
(1957). The rules provide that, where appropriate, supporting affidavits relating to the facts not apparent on the record may be filed. Practice Book § 143.
Each defendant, in support of their motion, filed affidavits. In the affidavit of defendant Noah B. Hallaway, he avers that on the date of service, April 12, 1997, he did not live at 567 Goose Lane in Guilford, Connecticut. Further, Noah Hallaway states he has lived in New Hampshire since September of 1996. Robert S. Hallaway, in his affidavit, avers to the fact that he has lived at 14 Winthrop Road in Chester, Connecticut since November 22, 1996 and, therefore, on April 12, 1997, he did not live at 567 Goose Lane in Guilford, Connecticut.
The court finds that service on the defendants was improper and a nullity. Accordingly, the defendants' motion to dismiss is granted because service was not effectuated on the defendants as required by General Statutes § 52-27.
Martin, J.