[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion for nonsuit under Practice Book § 114, now Practice Book (1998 Rev.) § 10-8, against the plaintiff, Michael Richter, for failure to file a timely amended complaint after the court granted summary judgment on six of the nine counts in his complaint. In response, Richter argues that under Practice Book § 386, now Practice Book (1998 Rev.) § 17-51, the counts that remain may continue to trial while those that did not survive summary judgment may be severed. Moreover, he contends that a decision granting partial summary judgment is not ordinarily immediately appealable because it is not a final judgment, see Practice Book 4002 C, now Practice Book (1998 Rev.) § 61-4, and to insist that the plaintiff file an amended complaint without the severed counts would make any appeal moot.
The defendant's motion for nonsuit under Practice Book is misplaced. The practice book provision allows parties to civil actions to keep the pleadings and pretrial motions moving along at a timely pace by providing time constraints.[1] See BlueCross/Blue Shield of Connecticut v. Gurski, 49 Conn. App. 731
(1998) (plaintiff moved for default and judgment by default for defendants failure to plead within thirty days of the complaints return day). Although parties who fail to properly plead may be nonsuited or defaulted under Practice Book § 128, now Practice Book (1998 rev.) § 10-18 and General Statutes § 119, there is no requirement that a plaintiff must file an amended complaint after a partial summary judgment is granted. In fact, the courts have held, over the objection of the defendant, CT Page 3697 that the plaintiff may move to amend his complaint in response to a motion for summary judgment. (Emphasis added.) See Gretkowskiv. Coppola, 26 Conn. Sup. 294 (1966) (motion granted); Valentinov. Miller, Superior Court, judicial district of Danbury, Docket No. 315928 (May 6, 1996, Stodolink, J.) ("The plaintiff's are in fact allowed to submit an amended complaint in response to a motion for summary judgment."). On the other hand, the plaintiff may choose to let his complaint stand, as in the present case.
In addition, under Practice Book § 386, now Practice Book (1998 Rev.) § 17-51,[2] a case can proceed to trial as to the remaining counts of the complaint surviving a motion for summary judgment. Meanwhile, the granting of summary judgment as to the severed counts constitutes a final judgment appealable as of right when the trial is over or under special circumstances. See Practice Book § 4002C, now Practice Book (1998 Rev.) § 61-4.
Finally, because the summary judgment decision in the present case has been appealed, any amended complaint filed by the plaintiff would deem the appeal moot. See Royce v. Westport,183 Conn. 177, 179 (1981) ("The filing of the amended pleading is a withdrawal of the original pleading." The plaintiff avoids an adverse judgment, but cannot be helped by a favorable judgment either.). Therefore, the plaintiff cannot be required to plead over.
The motion for nonsuit is, accordingly, denied.
Moraghan, J.