## CAPASSO RESTORATION, INC. *v.* CITY OF NEW HAVEN ET AL.
## (AC 24817)

Lavery, C. J., and DiPentima and Hennessy, Js.

---

Argued January 4—officially released May 3, 2005

*Carmine Capasso*, for the appellant (plaintiff).

*Stacy Lynn Werner*, for the appellee (named defendant).

*Paul A. Sobel*, for the appellee (defendant Bridgeport Restoration Company, Inc.).

*Nicole E. Liguori*, for the appellee (defendant Armani Restoration, Inc.).

*Jeffrey J. Mirman*, for the appellee (defendant Gilbane Building Company).

*Opinion*

DiPENTIMA, J. The plaintiff, Capasso Restoration, Inc., appeals from the judgment of the trial court dis-

missing its complaint against the defendants[1] for lack of standing. The plaintiff claims, inter alia, that the court improperly dismissed the case without holding an evidentiary hearing.[2] We affirm the judgment of the trial court.

The plaintiff and the defendant Armani Restoration, Inc. (Armani), were bidders on a subcontract to be awarded by the defendant Bridgeport Restoration Company, Inc. (Bridgeport Restoration), for concrete and masonry restoration on a renovation project involving a public school in New Haven. At issue in this case is the solicitation in the invitation to bid on a price for "deep repairs of 5 [percent] of existing cast stone surface with new cast in place repairs to match existing. Unit of measure for more or less work: cubic foot of cast stone." The plaintiff's bid quoted a price of $300 per cubic foot, whereas Armani's bid quoted a price of $275 per square foot up to five inches deep. The plaintiff's total bid was $312,960. Armani's total bid was $291,830. As the lowest total bidder, Armani was awarded the project.

The plaintiff filed suit in the Superior Court in the judicial district of New Haven, alleging, inter alia, that

[1] The defendants are the city of New Haven, the board of education of the city of New Haven, the Bridgeport Restoration Company, Inc., the Gilbane Building Company and Armani Restoration, Inc.

[2] The plaintiff also claims that the court improperly dismissed its case in light of the allegations of tortious conduct on the part of the defendant Bridgeport Restoration Company, Inc., the defendant Gilbane Building Company and the defendant Armani Restoration, Inc., in counts two through four of its complaint. In its complaint, the plaintiff alleges that Bridgeport Restoration Company, Inc., the defendant Gilbane Building Company and the defendant Armani Restoration, Inc., violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The plaintiff did not raise these claims before the trial court in its trial brief opposing the motion to dismiss or during the hearing on that motion. Furthermore, the plaintiff did not seek an articulation when the court issued its memorandum of decision, which did not address the plaintiff's tort claims. See Practice Book § 66-5. It is the responsibility of the appellant to provide this court with an adequate record on appeal to review its claims. Practice Book § 61-10. The plaintiff has not done so. We accordingly do not review this claim.

Armani's use of square feet instead of cubic feet resulted in an altered, qualified bid, contrary to the requirements of the project manual, and that, if the plaintiff had expressed its bid in the same measurements used by Armani, it would have been the lowest responsible qualified bidder. The plaintiff claimed that by accepting Armani's nonconforming bid over the plaintiff's conforming bid, Bridgeport Restoration, acting on behalf of the defendant city of New Haven (city) and the defendant board of education of the city of New Haven, improperly favored Armani. The plaintiff also claimed that Bridgeport Restoration, the defendant Gilbane Building Company (Gilbane)[3] and Armani violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The plaintiff sought multiple injunctions against the defendants, as well as compensatory and punitive damages.

The defendants filed a motion to dismiss the complaint on the ground that the plaintiff lacked standing because it had not alleged and could not establish favoritism in the bidding process, had not alleged taxpayer status or harm arising therefrom and was seeking relief not available to a disappointed bidder. The court held a hearing on the motion to dismiss on October 6, 2003. At the hearing, the parties agreed that, if the court could not make a decision on the face of the complaint because there were factual issues in dispute, an evidentiary hearing would be necessary.[4]

---

[3] Gilbane was the city's representative for the project.

[4] Specifically, Bridgeport Restoration's attorney stated that he believed that the case could be disposed of on the face of the complaint, but noted: "If the case cannot be disposed of on the face of the complaint, I don't believe we can dispose of it just considering the allegations in the complaint most favorably to the plaintiff. I think that the plaintiff has an evidentiary burden of proof if it gets that far." The plaintiff's attorney stated that if there was a "question about whether the allegations of the complaint are adequate in and of themselves, the case law seems to be very clear that an evidentiary hearing is required in that regard." The court then concluded that it would have to "identify whether there is or is not an issue . . . materially in dispute that would require an evidentiary hearing if it could

On October 29, 2003, the court issued its memorandum of decision granting the defendants' motion. Relying on *Ardmare Construction Co.* v. *Freedman*, 191 Conn. 497, 467 A.2d 674 (1983), the court determined that the issues were whether Armani was given a special advantage over the plaintiff or whether the bidding officials were acting in bad faith. The court found that the contract was awarded to the lowest total bidder, that the bidding officials made a good faith interpretation of the submissions in the competitive bidding process and that the difference in the answers to the cast stone allowance question did not affect the integrity of that process. The court held that the plaintiff alleged no set of facts that gave it standing to challenge the award of the contract to Armani. The court made no findings or conclusions directed specifically at counts two through four of the plaintiff's complaint. Accordingly, the court rendered judgment in favor of the defendants. This appeal followed.[5]

On appeal, the plaintiff claims that the court improperly made factual findings without an evidentiary hearing and dismissed its complaint despite factual allegations sufficient to show standing. A motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. *Blumenthal* v. *Barnes*, 261 Conn. 434, 442, 804 A.2d 152 (2002). In ruling on a motion to dismiss, the court must take the facts alleged in the

not be decided on the face of the complaint." Upon inquiry by the court, the parties agreed with the court's conclusion.

[5] While the appeal was pending, Bridgeport Restoration filed a motion to dismiss the appeal as moot, alleging that the restoration contract was complete and that no practical relief therefore could be granted to the plaintiff. This court denied the motion without prejudice, but the parties were ordered to file simultaneous supplemental briefs addressing the issue of mootness. Our review of the briefs leads us to conclude that the appeal is not moot, and we accordingly address the merits of the plaintiff's appeal.

complaint as true, construing them in the manner most favorable to the pleader. *Fairfax Properties, Inc.* v. *Lyons*, 72 Conn. App. 426, 431–32, 806 A.2d 535 (2002). The party seeking the exercise of the court's jurisdiction bears the burden of alleging facts that clearly demonstrate that it is the proper party to invoke judicial resolution of the dispute. *St. George* v. *Gordon*, 264 Conn. 538, 544–45, 825 A.2d 90 (2003). "Because a determination regarding the trial court's subject matter jurisdiction raises a question of law, our review is plenary." Id., 545.

An unsuccessful bidder has standing to challenge the award of a public contract only "where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials . . . ." (Internal quotation marks omitted.) *Ardmare Construction Co.* v. *Freedman*, supra, 191 Conn. 501. The plaintiff's complaint alleges that there was favoritism in the bidding process and that the integrity of the bidding process was defeated by the conduct of the defendants.

The plaintiff alleges, inter alia, that the invitation to bid stated that no alternate bids would be considered, that no changes were to be made to the form and that the contract would be awarded to the lowest responsible bidder complying with the instructions. The plaintiff further alleges that the allowance for deep repairs of existing cast stone was requested in cubic feet, that the plaintiff provided the specific bid in cubic feet and that the defendant's bid used square feet. The plaintiff also alleges that, if it had conditioned its bid as Armani did, it would have been the lowest qualified bidder. In essence, the plaintiff is arguing that Bridgeport Restoration engaged in favoritism because it did not disqualify Armani's lower bid for including an allowance submitted in units of measure different from those requested.

It is an undisputed fact that the contract was to be awarded on the basis of the lowest total bid. The plaintiff has not alleged any facts that support a conclusion that the contract was awarded on any basis other than the lowest total bid. In fact, the plaintiff fails to allege any facts that, if taken as true, tend to indicate favoritism on behalf of Armani.

The plaintiff relies on *Spiniello Construction Co.* v. *Manchester*, 189 Conn. 539, 456 A.2d 1199 (1983), to support its allegation that the bidding officials' conduct undermined the competitive bidding process. *Spiniello Construction Co.* concerned an invitation to bid on two public contracts for the town of Manchester. Id., 541. After the bidding process was initiated, a representative of one of the bidding construction firms contacted a Manchester official and inquired whether a reduced combined bid conditioned on the award of both contracts to the bidder would be accepted. Id., 542. The official advised that such a bid would be accepted in addition to individual bids. Id. No notice of this option was given to the other bidders. Id. Both contracts were awarded to the firm submitting the combined conditioned bid. Id., 542–43. Our Supreme Court determined that this conduct defeated the object and integrity of the competitive bidding process because Manchester violated its own bidding instructions by accepting the combined bid based on an oral addendum communicated by it to only one of the bidders. Id., 544–45. Unlike in *Spiniello Construction Co.*, in this case no special information was provided to one bidder by the bidding officials during the bidding process. Rather, this case concerns the acceptance of a bid that included an allowance submitted in measurements different from those requested, which the bidding officials reasonably interpreted as meeting their requirements. See *Ardmare Construction Co.* v. *Freedman,* supra, 191 Conn. 505–

506 (concluding that bidding officials acted in good faith, not in arbitrary manner, in awarding contract).

The plaintiff argues that, if there had been an evidentiary hearing, it could have established favoritism and conduct of the bidding officials that undermined the object and integrity of the competitive bidding process. "[I]n the absence of any disputed issues of fact pertaining to jurisdiction, there [is] no need to hold an evidentiary hearing before deciding the motion to dismiss." *Amore* v. *Frankel*, 228 Conn. 358, 369, 636 A.2d 786 (1994). The plaintiff contends that whether Bridgeport Restoration's acceptance of Armani's bid amounted to favoritism or undermined the competitive bidding process was a disputed issue of fact pertaining to jurisdiction, requiring an evidentiary hearing. We disagree.

The facts that the plaintiff alleges in this regard include the fact that Armani altered the bid form contrary to the directions of the project manual and the invitation to bid and that, despite that deviation, Bridgeport Restoration still accepted Armani's bid as the lowest responsible qualified bidder. None of these underlying material facts is disputed by the defendants. The plaintiff also alleged that, if it had altered its bid as Armani did, it would have had the lowest base bid and that no other bidder altered its bid as Armani did. These facts are immaterial to a determination of whether there was favoritism in the awarding of the contract to Armani and, as stated previously, fail to show that the bidding officials acted other than in good faith in accepting Armani's bid as the lowest total qualified bid.

Furthermore, at the hearing on the motion to dismiss the court sought an offer of proof on this issue: "What is it? That's what I am saying. Tell me now because, if I don't get an offer of proof, I am not going to have an

evidentiary hearing about it. I need to know what it is you think can be proved that is different from the documents I have in front of me." The plaintiff stated that it intended to present testimony by experts in architecture and construction, including a professional whose bid on a different project was held up, but ultimately awarded, because his company wrote additional terms into the bid. When the court pushed for a representation as to what those witnesses would testify about, the plaintiff argued that it could not make an offer of proof without having the witnesses present and subject to cross-examination. The plaintiff failed to raise any disputed issues of fact, and, accordingly, an evidentiary hearing was unwarranted.

The judgment is affirmed.

In this opinion the other judges concurred.