TAMARA A. SHOCKLEY *v.* EDWARD C. OKEKE
(AC 25935)

Schaller, Flynn and DiPentima, Js.

Argued May 31—officially released October 18, 2005

*Tamara A. Shockley*, pro se, the appellant (plaintiff).

*Edward C. Okeke*, pro se, the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Tamara A. Shockley, appeals from the judgment of the Superior Court dismissing her appeal from the Probate Court's denial of her application to change her son's name. The plaintiff claims, inter alia, that the Superior Court incorrectly determined that it lacked subject matter jurisdiction over the appeal, that it thereafter improperly reached the merits of her claim and that its conclusion regarding

her son's legal name was flawed. The judgment of the trial court is affirmed in part and reversed in part.

Both parties are attorneys who are employed by the United Nations.[1] The plaintiff, an American citizen, resides in Norwalk. The defendant, Edward C. Okeke, is Nigerian by birth and resides in Paris, France. The parties had a child together, born out of wedlock, on May 25, 2000. On June 1, 2000, pursuant to General Statutes § 46b-172, the defendant executed an acknowledgment of paternity of the child. The name of the child appearing on the acknowledgment of paternity is Nnamdi Ikwunne Okeke. On July 17, 2000, the child's birth certificate, which bears the name Nnamdi Ikwanne Shockley-Okeke, was filed with the department of public health.

The plaintiff, who has sole custody of the child, filed an application for a change of name in the Probate Court, judicial district of Stamford, on May 15, 2001, seeking to change the name of her son from "Nnamdi Ikwanne Shockley-Okeke" to "Cameron Nnamdi Shockley-Okeke." The court held a hearing regarding the application on June 15, 2001. The plaintiff argued that the child would have an easier time adapting to an American lifestyle if he had a Western name. In addition, she maintained that she had been calling the child "Cameron" since he was six weeks old. The defendant, who objected to the name change, testified that his son's name was an important part of the defendant's Nigerian heritage. On November 14, 2001, the court denied the plaintiff's application, holding that insufficient evidence had been offered to demonstrate that the minor child would suffer substantial detriment as a result of being called Nnamdi Ikwanne Shockley-Okeke. The court further noted that it was hesitant to change the name

---

[1] Both parties, in the proceedings at trial and on appeal, have appeared pro se.

of the child over the defendant's objection, absent a substantial reason.

From that decree, the plaintiff appealed to the Superior Court, claiming, inter alia, that the Probate Court improperly rendered a decision on the basis of the interest of the defendant, did not adequately consider the evidence that she had presented and failed to consider the best interest of the child. On May 14, 2004, the Superior Court heard the appeal de novo. Only the plaintiff attended the hearing and presented testimony. The court issued its memorandum of decision on July 14, 2004, dismissing the appeal. The court concluded that it, as well as the Probate Court, lacked authority to change the child's name because the minor child was not a party to the action. Moreover, the court determined that the plaintiff lacked standing, as the child, not the plaintiff, was the real party in interest. The court proceeded to hold that the legal name of the child was, as found on the acknowledgment of paternity, "Nnamdi Ikwunne Okeke." The plaintiff filed a motion for reargument, clarification and articulation on August 3, 2004, which was denied. This appeal followed.

I

The plaintiff first challenges the Superior Court's conclusion that both the Probate Court and the Superior Court lacked jurisdiction to effect the requested name change, as the minor child was not properly before the court and the plaintiff lacked standing. We agree that the Probate Court had jurisdiction to consider the application for name change, but conclude that the Superior Court lacked jurisdiction over the appeal, as the minor child was not properly before that court. We further conclude that the plaintiff lacked standing to bring the appeal before the Superior Court.

"[A] party seeking the exercise of the court's jurisdiction bears the burden of alleging facts that clearly dem-

onstrate that it is the proper party to invoke judicial resolution of the dispute." *Capasso Restoration, Inc.* v. *New Haven*, 88 Conn. App. 754, 759, 870 A.2d 1184 (2005). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 153, 851 A.2d 1113 (2004). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) Id., 154. "Aggrievement exists in two forms: statutory and classical aggrievement. Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation. . . . Classical aggrievement, in contrast, requires an analysis of the particular facts of the case in order to ascertain whether a party has been aggrieved and, therefore, has standing to appeal. We traditionally have applied the following two part test to determine whether [classical] aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Citation omitted; internal quotation marks omitted.) *Fleet National Bank's Appeal from Probate*, 267 Conn. 229, 242 n.10, 837 A.2d 785 (2004). The issue of subject matter jurisdiction cannot be waived and may be raised by the parties or the court at any time. *Broadnax* v. *New Haven*, supra, 153. "A determination regarding a trial court's subject matter jurisdiction is a question of law . . . [and] our review is plenary . . . ." (Internal quotation marks omitted.) Id.

A change of name may be sought either in the Superior Court under General Statutes §§ 52-11[2] or 46b-1

---

[2] General Statutes § 52-11 (a) provides: "The superior court in each judicial district shall have jurisdiction of complaints praying for a change of name,

(6),[3] or before the Probate Court under General Statutes § 45a-99.[4] The only guidance on filing a change of name request for a minor is provided by Practice Book § 9-24,[5] which by its terms governs an application for a name change brought by a minor child through his or her next friend under General Statutes § 52-11. As a general matter, a minor may bring suit only through a guardian or next friend. *Mendillo* v. *Board of Education*, 246 Conn. 456, 460 n.3, 717 A.2d 1177 (1998). Parents commonly serve as next friend. See, e.g., *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 727 A.2d 204 (1999); *Clennon* v. *Hometown Buffet, Inc.*, 84 Conn. App. 182, 852 A.2d 836 (2004); *Doe* v. *Rapoport*, 80 Conn. App. 111, 833 A.2d 926 (2003). To serve as next friend, "no previous appointment by the court is required, and the prochein ami[6] named in the writ is permitted to appear and prosecute in the infant's name, though if he is not a proper person or fails to properly discharge his duties, the court may remove him and appoint another person in his place." *McCarrick* v. *Kealy*, 70 Conn. 642, 646, 40 A. 603 (1898). In addition,

brought by any person residing in the judicial district, and may change the name of the complainant, who shall thereafter be known by the name prescribed by said court in its decree."

[3] General Statutes § 46b-1 provides in relevant part: "Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving . . . (6) complaints for change of name . . . ."

[4] General Statutes § 45a-99 (a) provides: "The courts of probate shall have concurrent jurisdiction with the Superior Court, as provided in section 52-11, to grant a change of name, except a change of name granted in accordance with subsection (a) of section 46b-63." General Statutes § 46b-63 governs name changes upon dissolution of marriage.

[5] Practice Book § 9-24 provides: "In all proceedings for change of name under General Statutes § 52-11, brought by a minor child through his or her next friend, the parents of such child, not named as next friends, shall be necessary parties and shall be cited in, in such manner as shall be ordered by the court or a judge thereof."

[6] Prochein ami is a French expression commonly used in the law meaning next friend. *LaRosa* v. *Lupoli*, 44 Conn. App. 225, 229 n.3, 688 A.2d 356, cert. denied, 240 Conn. 918, 692 A.2d 813 (1997).

if the court is concerned that the child's interests are not adequately represented by a parent acting as next friend, it may appoint a guardian ad litem under General Statutes § 45a-132.[7]

In the case before us, the plaintiff chose to seek a change of her son's name before the Probate Court pursuant to § 45a-99. She did so by filing form PC-900, application for change of name (minor), and an accompanying affidavit, both provided by the Probate Court. Together, the form and the affidavit make it clear that the application for a change of name was filed by the plaintiff on behalf of her son. Form PC-900 indicates that the parent is petitioning for a change of name on behalf of the minor, and the affidavit identifies the child as the party applying for the name change. Moreover, the Probate Court recognized that the plaintiff was filing the application on behalf of her son, as the notice of hearing before the Probate Court was addressed to "Tamara A. Shockley, parent and next friend to Nnamdi

---

[7] General Statutes § 45a-132 provides in relevant part: "(a) In any proceeding before a court of probate or the Superior Court including the Family Support Magistrate Division, whether acting upon an appeal from probate or otherwise, the judge or magistrate may appoint a guardian ad litem for any minor or incompetent, undetermined or unborn person, or may appoint one guardian ad litem for two or more of such minors or incompetent, undetermined or unborn persons, if it appears to the judge or magistrate that one or more persons as individuals, or as members of a designated class or otherwise, have or may have an interest in the proceedings, and that one or more of them are minors, incompetent persons or persons undetermined or unborn at the time of the proceeding.

"(b) The appointment shall not be mandatory, but shall be within the discretion of the judge or magistrate. . . ."

Here, the Superior Court noted with disapproval that no guardian ad litem was appointed for the minor child in the Probate Court or Superior Court, nor was such an appointment requested by either party. We note that the decision to appoint a guardian ad litem for a minor child in cases pending before the Probate Court or Superior Court rests in the sound discretion of the court. General Statutes § 45a-132 (b). If the court is concerned that the best interest of the child is not being represented before the court, it may sua sponte appoint counsel pursuant to § 45a-132 (a). The parties are under no obligation to request such an appointment themselves.

Ikwanne Shockley-Okeke, a minor." Because the plaintiff properly brought the application on behalf of her son, she had standing as a prochein ami before the Probate Court. See *McCarrick* v. *Kealy*, supra, 70 Conn. 646. Accordingly, as the child was properly before the Probate Court, that court had authority to entertain the change of name application. See *Mendillo* v. *Board of Education*, supra, 246 Conn. 460 n.3.

The appeal from the Probate Court to the Superior Court, however, fails to indicate that it is brought by the plaintiff on behalf of her son. General Statutes § 45a-186 (a), which governs appeals from the Probate Court provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court . . . ." "The responsibility for alleging a factual basis for aggrievement for the purpose of taking a probate appeal falls squarely on the person taking the appeal." *Doyle* v. *Abbenante*, 89 Conn. App. 658, 663, 875 A.2d 558 (2005), citing *Merrimac Associates, Inc.* v. *DiSesa*, 180 Conn. 511, 516, 429 A.2d 967 (1980).

Because it was the child's right to change his name that was being exercised before the Probate Court, it was he who was aggrieved by the ruling of that court. Accordingly, he was the proper party to appeal to the Superior Court. Although the motion for appeal from probate states that the appeal is "[i]n the matter of Nnamdi Ikwanne Shockley-Okeke," it contains no language giving notice that the appeal is being brought on behalf of the minor. The motion alleges that the plaintiff is the petitioner and that she is the aggrieved party. It does not allege that she is petitioning on behalf of her son or that he has been aggrieved by the decree of the Probate Court. Furthermore, in the plaintiff's reasons of appeal she stated that "[a] mother has a right to name her child" and that "[t]he appellant reserves the

right to make additional arguments on behalf of *her* appeal." (Emphasis added.) Nowhere in the reasons for appeal is it stated or implied that the minor child is seeking vindication of his rights or is otherwise a party to the appeal. In the absence of any allegations supporting a determination that the minor child was the party appealing from the decree of the Probate Court, we must conclude that the minor child was not properly before the Superior Court.[8]

Moreover, the plaintiff did not have standing to bring the appeal on her own behalf. "In order for an appellant to have standing to appeal from an order or decree of the Probate Court, the appellant must be aggrieved by the court's decision." (Internal quotation marks omitted.) *Marchentine* v. *Brittany Farms Health Center, Inc.*, 84 Conn. App. 486, 490, 854 A.2d 40 (2004). There is no statute at issue on which the plaintiff can base a claim of statutory aggrievement, nor is she classically aggrieved, as she lacks the requisite legal interest. See General Statutes § 52-11; see also *Mayor* v. *Mayor*, 17 Conn. App. 627, 632, 554 A.2d 1109 (1989). Notwithstanding the dispute between the plaintiff and the defendant as expressed in the pleadings, argument and testimony, the only matter properly before either the Probate Court or the Superior Court was the child's right to a change of name. As the plaintiff had no legal interest at issue, she was not aggrieved by the decision of the Probate Court denying the application for a change of name. See id. The Superior Court, therefore,

---

[8] That conclusion follows even in light of the mother's contentions that the Probate Court placed undue emphasis on the father's African heritage, did not give proper weight to her own testimony and failed to consider the best interest of the child. The invocation of the standard for evaluating applications for the change of a minor child's name does not give rise to a presumption that the proper procedure was followed in bringing the child before the court.

properly dismissed the appeal for lack of subject matter jurisdiction.[9]

## II

The plaintiff next claims that the Superior Court, having determined that the Probate Court and it lacked authority to hear the application for a change of name, improperly proceeded to consider the merits of the petition. After concluding that it lacked jurisdiction, the court found that it was not in the best interest of the child to change his name, that the name change would severely prejudice the father and that the child's legal name was Nnamdi Ikwunne Okeke, as evidenced by the acknowledgment of paternity.

"[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005). "Once it becomes clear that the trial court lacked subject matter jurisdiction to hear the plaintiffs' complaint, any further discussion of the merits is pure dicta." (Internal quotation marks omitted.) *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 105, 674 A.2d 1335 (1996). Lacking jurisdiction, the court should not "deliver an advisory opinion on matters entirely beyond [its] power to adjudicate." (Internal quotation marks omitted.) Id. Such an opinion is not a judgment and is not binding on anyone. Id. Because the Superior Court in this case determined that it lacked jurisdiction to hear the appeal, it was improper for the court to address the merits of the case. Its conclusions in that regard, therefore, are mere dicta, lacking the force and effect of a judgment.

[9] We recognize that the plaintiff was acting pro see, but note that although we "allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 257 n.9, 849 A.2d 886 (2004).

The judgment dismissing the action for lack of subject matter jurisdiction is affirmed. The judgment is reversed as to the determination of the merits of the plaintiff's appeal to the Superior Court and the case is remanded with direction to vacate that portion of the judgment.

In this opinion FLYNN, J., concurred.

SCHALLER, J., dissenting. I agree with the majority that the Probate Court had jurisdiction to adjudicate the name change application brought on behalf of the minor child by the pro se plaintiff mother, Tamara A. Shockley. I also agree that the trial court improperly addressed the merits of the appeal from the Probate Court after concluding that it lacked subject matter jurisdiction. I respectfully disagree, however, with the majority's conclusion that the Superior Court did not have subject matter jurisdiction concerning the plaintiff mother's appeal from probate. In my view, the plaintiff brought the probate appeal as well as the change of name application in the capacity of parent and next friend of her minor child. Accordingly, she had standing in that capacity before the Superior Court, and that court had subject matter jurisdiction. My conclusion, however, raises a threshold issue regarding the authority to proceed pursuant to our recent decision in *Lowe* v. *Shelton*, 83 Conn. App. 750, 851 A.2d 1183, cert. denied, 271 Conn. 915, 859 A.2d 568 (2004). Because the plaintiff is proceeding in a representative capacity for her minor child, she currently lacks authority to proceed without counsel in the present appeal.

At this point, a detailed discussion of *Lowe* is necessary in order to explain my views on the present appeal. In *Lowe*, the minor child, a student at Shelton high school, attempted to establish a jazz club at his school. Id., 752. His application was denied by the student coun-

cil. Id. The minor's parents received a letter from the school's headmaster, indicating the reasons for the denial. Id. The student, through his parents acting as next friends, commenced a civil action against the city of Shelton, the board of education, the high school and the headmaster. Id., 751. The student alleged that the reasons listed in the letter for the denial of his application constituted libel "because it asserted that [he] was a liar." Id., 752–53.

Following a trial, the court rendered judgment in favor of the defendants. Id., 753. The student's parents, who were not lawyers, brought an appeal without counsel on behalf of their son prior to his reaching the age of majority. Id. While the appeal was pending, and prior to oral argument before this court, the student became eighteen years of age. Id. At oral argument, we requested simultaneous supplemental briefs in order to give the parties an opportunity to discuss "(1) whether we [had] subject matter jurisdiction over th[e] appeal because it was filed by the plaintiff's parents without the appearance of an attorney and (2) if it was improper for the plaintiff's parents to file the appeal, whether the defect [was] curable." Id.

We first concluded that we had subject matter jurisdiction to hear the appeal brought by the student, who then had reached the age of majority. Id., 754. The second question that we answered in *Lowe* was whether the nonlawyer parents properly brought the appeal without the appearance of an attorney. Id., 755. We concluded that they did not. Id. "As nonattorneys, the plaintiff's parents lacked authorization to maintain this appeal without the appearance of an attorney. . . . The authorization to appear pro se is limited to representing one's own cause, and *does not permit individuals to appear pro se in a representative capacity.*" (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 756. Despite that flaw in the appeal, how-

ever, we concluded that filing of an appeal on behalf of a minor by a nonlawyer parent did not implicate our subject matter jurisdiction and was, in fact, curable by the filing of an appearance by the former minor student. Id., 759.

In the present case, the pro se plaintiff, although a lawyer, is not licensed to practice law in Connecticut. There is no indication that she has been admitted to practice pro hac vice.[1] In short, she is not authorized to practice law in this jurisdiction. It would appear, therefore, that this case falls within the ambit of *Lowe* because she brought the appeal as parent and next friend of her minor child.

Because the parties have neither raised nor had the opportunity to address the *Lowe* authority problem and because *Lowe* presents a *curable* defect, the parties must be given an opportunity to brief and to address the issue. Moreover, if we determine ultimately that a *Lowe* authority defect exists in the present appeal, the plaintiff must be given an opportunity to correct the defect by having counsel appear for her minor child. See *Phoebe G.* v. *Solnit*, 252 Conn. 68, 79 n.10, 743 A.2d 606 (1999).

Having pointed out the potential and unresolved problem with this appeal as a result of the *Lowe* case, I now turn to the conclusion of the majority that the plaintiff was not proceeding in a representative capacity in the Superior Court. The plaintiff brought the application for a change of name in the Probate Court as parent and next friend. The majority gleans that from the language of the application to change the child's name.

---

[1] Practice Book § 2-16 provides in relevant part: "An attorney who is in good standing at the bar of another state . . . may, upon special and infrequent occasion and for good cause shown upon written application presented by a member of the bar of this state, be permitted in the discretion of the court, to participate to such extent as the court may prescribe in the presentation of a cause or appeal in any court of this state . . . ."

The majority reconciles the ambiguous language of the application and, in fact, the ambiguous language of the Probate Court decree in favor of determining that she brought the application on behalf of the child. The Probate Court's "Decree Allowing Appeal from Probate," which is entitled "In the Matter of Nnamdi Ikwanne Shockley-Okeke, formerly residing in Stamford, Connecticut in said District, a minor person," acknowledges that the plaintiff "says that she is aggrieved by the order and decree . . . denying her petition to change the name of her son . . . and has moved an appeal to the Superior Court . . . ." I note that on one of the Probate Court's forms, entitled "Order of Notice of Hearing, Notice and Return," the petitioner is listed as "Tamara A. Shockley, parent and next friend to Nnamdi Ikwanne Shockley-Okeke, a minor." The mother was not a party, individually, before the Probate Court and had standing in that proceeding only as parent on behalf of the minor child.

The decree from the Probate Court then authorizes the plaintiff by name to appeal to the Superior Court. Because the plaintiff was before the Probate Court in a representative capacity and sought permission to appeal in the same capacity, it is reasonable to conclude that she thereafter brought the present appeal in that same representative capacity.

The majority, however, interprets the probate appeal documents differently in determining that the appeal "fails to indicate that it is brought by the plaintiff on behalf of her son." Apparently, the basis for that conclusion is the absence of specific language in the appeal that indicates that the appeal is being brought on behalf of a minor. I respectfully submit that in doing so, the majority fails to account for two well established principles in our jurisprudence. First, "[o]ur Supreme Court has repeatedly eschewed applying the law in such a hypertechnical manner so as to elevate form over sub-

stance." (Internal quotation marks omitted.) *Martin Printing, Inc.* v. *Sone*, 89 Conn. App. 336, 344, 873 A.2d 232 (2005). Second, "[i]t is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Loricco Towers Condominium Assn.* v. *Pantani*, 90 Conn. App. 43, 48, 876 A.2d 1211 (2005). In my view, an application of those two principles leads to the conclusion that although the plaintiff's appeal from the Probate Court is not a model of clarity, nevertheless, and *in the interests of justice*, the proper course would be to have the Superior Court rule on the merits of the controversy involving the minor child.

The plaintiff also refers to herself individually in the course of the appeal. Because the plaintiff appeared in the Probate Court solely *in the capacity of parent and next friend,* and not individually—for which she would have no standing—I find no reason to conclude that she attempted to appeal *in an individual capacity* after the adverse decision on the name change application, which she brought *as parent and next friend.* I disagree with the majority's assumption that having received an adverse decision as parent of the minor in the Probate Court, she then attempted to appeal in an individual capacity. Because the language of both the application and the appeal combine language of *individual capacity* with language of *representation*, they should not be measured according to different standards. The Probate Court's decree allowing the appeal limited the right of appeal to the plaintiff in a representative capacity, strongly indicating that any appeal brought would be in that capacity.

Moreover, the appeal from the Probate Court contains language clearly indicating that the plaintiff continued to represent the child's interest in the appeal. She asserts, for example, that the Probate Court made

a decision on the basis of the interests of the defendant father, Edward C. Okeke, rather than "in the best interests of a child who will live in this country." The appeal also claims that "the [Probate] Court failed to consider the welfare of the child residing in Connecticut . . . ." The plaintiff also asserted in her appeal that she "wishes the child to have the same choice as made by the [defendant] . . . ." My reading of the application and the appeal finds no basis to differentiate one from the other in terms of the capacity in which the plaintiff mother was acting. Aside from the logic of concluding that she would appeal in the same and only capacity in which she appeared in the Probate Court, the language of both documents indicates that consistency in interpretation should lead to the conclusion that she was acting *on behalf of the child* in both proceedings, absent a clear and unequivocal expressed intent by the plaintiff to proceed as an individual.[2]

I believe that the Superior Court incorrectly determined that the plaintiff had no standing to bring the appeal just as it incorrectly determined that she had no standing before the Probate Court. On the basis of my conclusion, the Superior Court could have proceeded to the merits of the appeal. Because it determined that no jurisdiction existed and so informed the parties, however, the court should not have addressed the merits. In my view, because the plaintiff has standing to proceed on the probate appeal in the Superior Court, it would ordinarily be appropriate to reverse the judgment of the Superior Court and to remand the case for a new trial of the appeal from probate. Because the

[2] I do not suggest that a finding of subject matter jurisdiction by the Probate Court is sine qua non of the issue. Moreover, it is clear that, under different circumstances, a matter within the Probate Court's jurisdiction could be altered in a way that would result in lack of jurisdiction with respect to an appeal in the Superior Court. Under the facts and circumstances here, however, I believe the appeal from the Probate Court was before the Superior Court properly.

lack of authority to proceed without counsel, however, on the basis of *Lowe* v. *Shelton,* supra, 83 Conn. App. 750, implicates our authority to decide the appeal, I would give the parties an opportunity to address the *Lowe* problem by ordering supplemental briefs and, if necessary, I would give the plaintiff the opportunity to cure any such problem by having counsel appear on her behalf as representative of the minor child.

For the foregoing reasons, I respectfully dissent.