TAMARA A. SHOCKLEY *v.* EDWARD C. OKEKE
(SC 17631)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued November 28, 2006—officially released January 2, 2007

*Edward C. Okeke*, pro se, the appellant (defendant).

*Tamara A. Shockley*, pro se, the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Edward C. Okeke, appeals, following our grant of his petition for certification, from the judgment of the Appellate Court affirming the judgment of the Superior Court dismissing the appeal of the plaintiff, Tamara A. Shockley, from the decision of the Probate Court denying her application to change her son's name. See *Shockley* v. *Okeke*, 92 Conn. App. 76, 882 A.2d 1244 (2005).

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "The plaintiff, who has sole custody of the child, filed an application for a change of name in the Probate Court,

judicial district of Stamford, on May 15, 2001, seeking to change the name of her son from 'Nnamdi Ikwanne Shockley-Okeke' to 'Cameron Nnamdi Shockley-Okeke.' The court held a hearing regarding the application on June 15, 2001. The plaintiff argued that the child would have an easier time adapting to an American lifestyle if he had a Western name. In addition, she maintained that she had been calling the child 'Cameron' since he was six weeks old. The defendant, who objected to the name change, testified that his son's name was an important part of the defendant's Nigerian heritage. On November 14, 2001, the court denied the plaintiff's application, holding that insufficient evidence had been offered to demonstrate that the minor child would suffer substantial detriment as a result of being called Nnamdi Ikwanne Shockley-Okeke. The court further noted that it was hesitant to change the name of the child over the defendant's objection, absent a substantial reason.

"From that decree, the plaintiff appealed to the Superior Court, claiming, inter alia, that the Probate Court improperly rendered a decision on the basis of the interest of the defendant, did not adequately consider the evidence that she had presented and failed to consider the best interest of the child. . . . The court concluded that it, as well as the Probate Court, lacked authority to change the child's name because the minor child was not a party to the action. Moreover, the court determined that the plaintiff lacked standing, as the child, not the plaintiff, was the real party in interest. The court proceeded to hold that the legal name of the child was . . . 'Nnamdi Ikwunne Okeke.'[1] The plaintiff filed a motion for reargument, clarification and articulation on August 3, 2004, which was denied." Id., 78–79.

---

[1] The defendant had executed an "acknowledgment of paternity," wherein the child's name was listed as "Nnamdi Ikwunne Okeke." The name listed on the child's birth certificate, however, was "Nnamdi Ikwanne Shockley-Okeke." *Shockley* v. *Okeke*, supra, 92 Conn. App. 78.

In the Appellate Court, the plaintiff claimed that the Superior Court: (1) improperly concluded "that both the Probate Court and the Superior Court lacked jurisdiction to effect the requested name change, as the minor child was not properly before the court and the plaintiff lacked standing"; id., 79; and (2) "having determined that the Probate Court and [the Superior Court] lacked authority to hear the application for a change of name, improperly proceeded to consider the merits of the petition." Id., 85. The Appellate Court majority concluded that, although the Probate Court had jurisdiction to consider the application, the Superior Court lacked jurisdiction over the appeal; id., 79; and that, therefore, it was improper for the Superior Court to reach the merits of the case.[2] Id., 85. This certified appeal followed.[3]

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[2] In his dissent, Judge Schaller argued that the Superior Court "incorrectly determined that the plaintiff had no standing to bring the appeal . . . . Because it determined that no jurisdiction existed . . . however, the court should not have addressed the merits." *Shockley* v. *Okeke*, supra, 92 Conn. App. 91.

[3] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the trial court lacked subject matter jurisdiction over the appeal from the Probate Court?" *Shockley* v. *Okeke*, 277 Conn. 923, 895 A.2d 797 (2006).