## PHH MORTGAGE CORPORATION *v.* MELISSA CAMERON ET AL.
### (AC 32560)

Bishop, Beach and Robinson, Js.

Argued May 17—officially released July 19, 2011

*Norman Cameron,* pro se, the appellant (defendant).

*Andrew P. Barsom,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The pro se defendant Norman Cameron[1] appeals from the judgment of the trial court granting his motion to dismiss a foreclosure action filed by the plaintiff, PHH Mortgage Corporation, for lack of subject matter jurisdiction. On appeal, the defendant claims that the court improperly addressed the merits of his claim that the promissory note was unenforceable.[2] We dismiss the appeal.

The following facts and procedural history are relevant to our disposition of the appeal. On July 22, 2005, Melissa Cameron executed a promissory note in favor of Members Mortgage Company, Inc. (Members). On that same date, the defendant and Melissa Cameron executed a mortgage in favor of Members as security for the promissory note. In February, 2008, the plaintiff commenced a foreclosure action against the defendant

[1] Melissa Cameron, Kingdom Enterprises, LLC, and Bank of America, N.A., also were named as defendants in the foreclosure action, but none of these parties has filed an appeal with this court. Although it appears that Norman Cameron is seeking to vindicate only his own interest in this appeal, to the extent that he is attempting to represent the interests of another party, such representation by a pro se litigant is not permitted. See *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,* 34 Conn. App. 543, 546, 642 A.2d 62 ("[t]he authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity"), cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). Therefore, all references in this opinion to the defendant are to Norman Cameron.

[2] In his brief to this court, the defendant makes a number of additional claims directed to the court's consideration of his claim that the promissory note was unenforceable. Because we conclude that the defendant was not aggrieved, we do not address any of his claims raised on appeal.

and Melissa Cameron, alleging default in payment of the note and mortgage.

On March 5, 2009, the defendant filed a motion to dismiss the plaintiff's foreclosure action for lack of subject matter jurisdiction. In his memorandum of law in support of his motion to dismiss, the defendant claimed that the plaintiff did not have standing to file the foreclosure action because it was not the holder of the promissory note at the time the action was commenced. Alternatively, the defendant claimed that the promissory note was not enforceable because the original note had been lost.[3] In support of his alternative claim, the defendant relied on the following handwritten language included on the note, as set forth with its original spelling, which allegedly was added at the time it was executed: "In the event this original note and/or the original mortgage deed becomes distroyed, lost or stolen then together (the mortgage deed and note) they both becomes unenforcible, null and void, releasing the Borrowers of their obligation to repay this debt and borrowed amount on the deed. The lean must be removed from the land records."

The court conducted an evidentiary hearing on the defendant's motion to dismiss and issued its memorandum of decision on May 18, 2010. The court concluded that the plaintiff lacked standing to pursue the foreclosure action because it was only the servicer, and not the holder, of the subject promissory note at the time the foreclosure action was commenced. Accordingly, the court granted the defendant's motion to dismiss.

Following its granting of the motion to dismiss, the court proceeded to consider the merits of the defendant's claim that the promissory note was unenforceable. The court recognized that this claim was "a

[3] In support of his allegation that the original promissory note had been lost, the defendant relied on an affidavit of lost note, which the plaintiff had submitted in support of its motion for summary judgment.

defense to the merits of [the] case, and [did] not raise an issue of standing," but it decided to consider the claim in the interest of "judicial economy." After reviewing the evidence, the court found that the hand-written language was not included in the promissory note at the time it was executed but instead had been added by the defendant after he had learned that the plaintiff had lost the original promissory note. On the basis of these findings, the court concluded that the defendant's claim was without merit. This appeal followed.

Although the parties did not raise the issue of aggrievement in this appeal, we raise it sua sponte because aggrievement implicates this court's subject matter jurisdiction and, therefore, is a threshold matter that must be resolved before addressing the claims raised on appeal. See *Soracco* v. *Williams Scotsman, Inc.*, 292 Conn. 86, 91, 971 A.2d 1 (2009) ("[i]f a party is found to lack [aggrievement], the court is without subject matter jurisdiction to determine the cause" [internal quotation marks omitted]); *State* v. *T.D.*, 286 Conn. 353, 358, 944 A.2d 288 (2008) (addressing issue of aggrievement sua sponte because "[a]ggrievement implicates . . . court's subject matter jurisdiction"); *Kinney* v. *State*, 213 Conn. 54, 58, 566 A.2d 670 (1989) (court must dispose of issues concerning subject matter jurisdiction as threshold matter).

"It is settled law that the right to appeal is purely statutory and is allowed only if the conditions fixed by statute are met. . . . In all civil actions a requisite element of appealability is that the party claiming error be aggrieved by the decision of the trial court. . . . The test for determining [classical] aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest

shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . [A] party cannot be aggrieved by a decision that grants the very relief sought. . . . Such a party cannot establish that a specific personal and legal interest has been specially and injuriously affected by the decision." (Citation omitted; internal quotation marks omitted.) *Fontana* v. *Zymol Enterprises, Inc.*, 95 Conn. App. 606, 614, 897 A.2d 694 (2006), quoting *In re Allison G.*, 276 Conn. 146, 156–57, 883 A.2d 1226 (2005).

In the present case, the defendant prevailed on his motion to dismiss the plaintiff's foreclosure action for lack of subject matter jurisdiction and the court dismissed the foreclosure action. Although the defendant prevailed and was granted the relief that he sought, he claims nevertheless that he has been aggrieved by the trial court's consideration of his claim that the note was unenforceable. We disagree.

"Once it becomes clear that the trial court lacked subject matter jurisdiction to hear the [action], any further discussion of the merits is pure dicta." (Internal quotation marks omitted.) *Shockley* v. *Okeke*, 92 Conn. App. 76, 85, 882 A.2d 1244 (2005), appeal dismissed, 280 Conn. 777, 912 A.2d 991 (2007); see *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 246, 558 A.2d 986 (1989). If the trial court issues a decision on the merits of a case over which it lacks subject matter jurisdiction, the decision constitutes an advisory opinion. See *Statewide Grievance Committee* v. *Rozbicki*, supra, 246; *Shockley* v. *Okeke*, supra, 85; *Lindo* v. *Lindo*, 48 Conn. App. 645, 651, 710 A.2d 1387 (1998). "Such an opinion is not a judgment and is not binding on anyone." *Shockley* v. *Okeke*, supra, 85.

On the basis of these legal principles, we conclude that the defendant has failed to establish that he has a

specific personal and legal interest that has been specially and injuriously affected by the trial court's decision. The court's decision that the defendant's claim was meritless was simply an advisory opinion. As an advisory opinion, the decision lacks "the force and effect of a [binding] judgment"; id.; and, therefore, is not an enforceable judgment on the merits of the defendant's claim.[4] Consequently, the decision does not foreclose the defendant from raising the same claim concerning the enforceability of the promissory note in a future foreclosure action.[5] Accordingly, the defendant has not been aggrieved by the court's decision.

The appeal is dismissed.

---

[4] "[Our Supreme Court has] consistently held that [our courts should] not render advisory opinions." (Internal quotation marks omitted.) *Martino* v. *Scalzo*, 113 Conn. App. 240, 242 n.2, 966 A.2d 339, cert. denied, 293 Conn. 904, 976 A.2d 705 (2009).

[5] We note that during oral argument before this court, the plaintiff conceded that the trial court's decision on the merits of the defendant's claim that the promissory note was unenforceable had no effect on any subsequent foreclosure action involving the parties.